UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24116-BLOOM/Otazo-Reyes

WANDA THOMAS,

    Plaintiff,

v.

CHRISTINA TRUST, *et al.*

    Defendants.

_____/

**ORDER OF DISMISSAL OF PENDING COMPLAINT AND REMAND**

**THIS CAUSE** is before the Court upon Plaintiff Wanda Thomas's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. [3] ("Motion"), filed on November 22, 2021. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied, her Complaint is dismissed, and the case is remanded to state court.

**I.   BACKGROUND**

Plaintiff, proceeding *pro se*, filed a Notice of Removal, ECF No. [1-2] ("Notice"), on November 22, 2021. The Notice was filed pursuant to 28 U.S.C. §§ 1441, 1446, seeking removal, pursuant to 28 U.S.C. § 1331, of a foreclosure action filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida entitled *Christina Trust v. Wanda Thomas*, Case No. 2012-028261-CA-01 ("Circuit Court Action"). Plaintiff also filed a Complaint, [1] ("Complaint"), asserting violations of her civil rights against Defendant Roy Diaz ("Defendant"), in connection with the foreclosure proceeding taken against her. *Id.* at 2-3.

Case No. 21-cv-24116-BLOOM/Otazo-Reyes

## II. SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time."). When performing this inquiry, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004) (citing *Burns v Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, an action must satisfy the jurisdictional prerequisites of either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. "To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the Complaint and ignore potential defenses." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 5 (2003).

Here, Plaintiff has failed to carry her burden of demonstrating a right to remove. *See Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014) ("A removing defendant bears the burden of proving proper federal jurisdiction."). According to Plaintiff, removal of this mortgage foreclosure action is proper on the basis of federal question jurisdiction. However, there is no indication that the underlying complaint asserts a claim arising under federal law. *See Trust v. Thomas*, Case No. 2012-028261-CA-01. Rather, in an attempt to meet the Court's jurisdictional requirements, Plaintiff has filed a Complaint in conjunction with the Notice, asserting two claims under the Fourteenth Amendment to the United States Constitution. ECF No. [1] at 4. However, it is well-settled that "[t]here could be no federal question jurisdiction or removal based on an argument raised by the defense, whether the argument is a defense or a counterclaim." *Bank of New York v. Angley*, 559 F. App'x 956 (11th Cir. 2014); *see also Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis, even though a possible defense might involve a federal question."); *Everglades Ecolodge at Big Cypress, LLC v. Seminole Tribe of Florida*, 836 F. Supp. 2d 1296, 1305 (S.D. Fla. 2011) ("Even where a defendant raises a valid federal preemption defense, a case cannot be removed to federal court on the basis of that defense alone." (citing *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352-53 (11th Cir. 2003))). Thus, Plaintiff's assertion of a violation of federal law as a counterclaim does not provide a valid basis for removal.

### III. FAILURE TO STATE A CLAIM

Even if the Court were to construe Plaintiff's initial pleading as an original complaint, and not as an attempt to remove the Circuit Court Action to this forum, the Complaint is due to be

dismissed.[1] *See Irwin v. Miami-Dade Cnty. Pub. Sch.*, No. 06-23029-CIV, 2009 WL 497648, at *4 (S.D. Fla. Feb. 25, 2009) *aff'd*, 398 F. App'x 503 (11th Cir. 2010) (*pro se* pleadings are to be construed liberally); *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004) ("A pro se litigant's pleadings must be construed more liberally than those pleadings drafted by attorneys." (citations omitted)).

Plaintiff, a *pro se* non-prisoner litigant, has not paid the required filing fee and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). In order to state a claim, a pleading in a civil action must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] show[] that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

---

[1] Despite the docket text, Plaintiff's initial pleading is styled as an original complaint. The pleading is titled "Complaint," lists Plaintiff as the complaining party (and not as the state-court defendant below, and asserts claims against Defendant in connection with the foreclosure proceeding. *See* ECF No. [1].

Upon review, Plaintiff purports to bring two claims against Defendant for violations of the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment to the United States Constitution. ECF No. [1] at 4. The Complaint, however, does not allege that Defendant is a state actor. *See generally id.* Rather, it appears that Defendant is an attorney of record in the Circuit Court Action who, according to Plaintiff, allegedly litigated a foreclosure proceeding based on fraudulent documents. *Id.* at 2-3. Because the Fourteenth Amendment applies only to government action, and not purely private conduct, Plaintiff's claims have no legal basis and are therefore frivolous. *See Key v. J.P. Morgan Chase Bank, N.A.*, 833 F. App'x 815 (11th Cir. 2021) ("The Fifth and Fourteenth Amendments . . . do 'not inhibit the conduct of purely private persons in their ordinary activities.'" (quoting *Jeffries v. Ga. Residential Fin. Auth.*, 678 F.2d 919, 922 (11th Cir. 1982); *see also Sammons v. Nat'l Comm'n on Certification of Physician Assistants, Inc.*, 104 F. Supp. 2d 1379, 1382 (N.D. Ga. 2000) ("To succeed on her constitutional claims, Plaintiff must show that Defendant is a state actor and that its conduct was state action, because the Fifth and Fourteenth Amendments 'erect[] no shield against merely private conduct, however discriminatory or wrongful.'" (citations omitted)). Accordingly, for this reason alone, dismissal of the Complaint warranted.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.
2. The Motion, **ECF No. [3]**, is **DENIED**.
3. The Case is **REMANDED** and the Clerk is directed to **TRANSMIT** a copy of this Order to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

Case No. 21-cv-24116-BLOOM/Otazo-Reyes

4. To the extent not otherwise disposed of, any pending motions are **DENIED** as moot and all pending deadlines are **TERMINATED**.

5. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 24, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Wanda Thomas
1635 NW 117th Street
Miami, FL 33167